I. Richard Levy
State Bar No. 12265020
Christopher M. McNeill
State Bar No. 24032852
Susan Frierott
State Bar No. 24041247
**BLOCK & GARDEN, LLP**
5949 Sherry Ln., Suite 900
Dallas, Texas 75225
Tel: (214) 866-0990
Fax: (214) 866-0991
*levy@bgvllp.com*

APPLICANTS FOR COUNSEL TO LEVELLAND/HOCKLEY COUNTY ETHANOL, L.L.C., DEBTOR IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| **LEVELLAND/HOCKLEY COUNTY ETHANOL, L.L.C** | § § § § | CASE NO. 11-50162-RLJ-11 |
| **DEBTOR** | § § § | CHAPTER 11 |

**9LD98 ₦98 ˙MOTION OF THE DEBTOR FOR AUTHORITY TO
PAY PRE-PETITION EMPLOYEE COMPENSATION AND EMPLOYEE BENEFITS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Levelland/Hockley County Ethanol, LLC ("Levelland Ethanol"), debtor and debtor in possession ("Debtor") in the above-referenced Chapter 11 case, by and through its undersigned counsel, files this motion for entry of an Order authorizing Debtor to honor pre-petition employee compensation obligations and to pay pre-petition employee benefits (the "Motion") on an expedited basis.  In support, Debtor respectfully shows as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §§105(a), 362, 363, 502, 507(a)(4) and (5), 541(d), 1107 and

1108. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2), (A), (M) and (O). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

2. Simultaneous with the filing of this Motion and dated as of the date hereof (the "Petition Date"), Debtor filed with this Court its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, Debtor now operate its business and manages its property as debtor in possession. The Debtor has filed a notice to have this case treated under the Procedures for Complex Chapter 11 Cases.

3. Levelland Ethanol is a Texas limited liability company that owns and operates a 40 million gallon per annum Ethanol production plant located in Levelland, Hockley county, Texas. The LLC has over 100 members many of whom are local farmers, business people and civic leaders. A recent appraisal of the Debtor's facility values the Debtor's assets, with the Plant under full operation, at over $51.5 million. The Debtors secured bank group, represented by GE Capital is owed approximately $33,320,000 in principal and accrued interest as of the petition date, and it owes approximately $9,040,000 in principal and interest to its subordinated secured lender, Farmers Energy Levelland, LLC, who is also member holding 48.6% of the equity interests in the LLC. The debtors unsecured and other obligations, based on its books and records and estimates, as of the petition date are approximately $4,683,000.

4. The Debtor presently employees 24 people in the Plant and administration located on site. These employees are critical to the Debtor's continued operation and consequently to Debtor's ability to reorganize and enhance recovery to all parties in

interest in these bankruptcy cases.  By this Motion, Debtor seeks permission to honor payment of pre-petition wage claims and pre-petition benefits relating to its employees in order to maximize and preserve its bankruptcy estate.  With regard to the employee-related wage claims, Debtor also seeks permission to make payroll deductions for taxes, health insurance, 401(k) contributions, and other deductions as described in more detail below, and to pay such amounts due to the appropriate payees or accounts on behalf of the employees from whose pay the deductions are made.

5.     Debtor's employees are paid on a bi-weekly basis.  The petition date falls near the end of the present pay period of April 30, 2011.  Employees are customarily paid the Thursday following the end of the pay-period, in this case on May 5, 2011.  A redacted list of the Debtor's current employees by category and a report of annualized salaries/wages and allocations for the present pay period is attached hereto as **Exhibit "A."**

6.     Payroll is calculated and checks are issued by the Debtor's administrative staff.  Checks are normally drawn on the Debtor's payroll account.  For the present pay period, the expected payroll for all workers is expected to total $20,900.

7.     Debtor's health care program is a fully insured PPO plan which is provided through First Care for medical benefits and Guardian Insurance (for dental and vision).  The Debtor subsidizes the medical benefits of its employees to the extent of 80% of coverage costs, with the employees paying 20%, and also assists the employee's dependents on the plan by paying 20% of their coverage.  The average cost to the Debtor of each employee's health benefits is approximately [$263.00] per month, or [$182.50] for the relevant pay period.  The total of all subsidized health benefits for all

workers that was unpaid for the two-week period before the petition is approximately [$4,500].

8. The Debtor also provides other insurance programs, such as life, accidental death and dismemberment, disability and dental, along with some additional hospitalization plans which employees can elect coverage. These programs are paid for exclusively by the employees through payroll deductions. A chart outlining the Debtor's employee benefit programs is attached hereto as **Exhibit "B."**

9. The Debtor also provides a 5% match to employee 401k contributions. The 401k is sponsored by the Debtor and administered through Rice Investment Advisory Services, Inc. The amount of the Debtor's contributions for the pre-petition pay period for 401k matching is negligible.

10. The Debtor provides one last benefit it seeks to have approved hereby, vacation day accrual. The Debtor offers a certain number of paid days off per 6 month period. at present, the employees at the plant have a number of days of accrued vacation that they could seek to exercise post-petition although they accrued for pre-petition service. However, the total value of these paid days off if exercised all at once is approximately $14,000 for all the staff.

11. Finally, the Debtor is responsible to make payroll tax deductions, social security and other pre-tax payments on behalf of itself and the employees.

12. The Debtor was current on all employee benefit payments and deposits as of the last pay period ending before the petition date (i.e. April 15, 2011).

## RELIEF REQUESTED

13. Debtor requests the entry of an order on an expedited basis under the Complex Chapter 11 procedures to authorize the Debtor to (i) pay its pre-petition wage and salary obligations, (ii) to pay the Debtor's portion of health insurance benefits timely according to its contractual obligations with the health program providers, (iii) honor its accrued vacation day policy for present employees; (iv) make its 401k matching contribution and pay the administration costs current on the 401k plan, and (v) to make appropriate payroll deductions for other benefits elected by employees, taxes and other withholding as currently required.

14. The total amounts of the Pre-Petition Obligations due to be paid next Thursday total approximately $[20,900] for wages, $[4,500] for the employer's portion of health insurance coverage, and a total of $[   ] for other costs of administration or plan costs.

15. No employee will receive in excess of the §507 wage or benefit priorities that presently allow $20,000 of priority in total per employee for both categories. In fact, no employee is entitled to even as much as [$10,000] in total pre-petition wages or benefits, whether in total wages, vacation days or health insurance costs.

16. On the other hand, the relatively small cost to honor these obligations and benefits is outweighed by the significant risks to the Debtor's workforce if these obligations go unpaid or dishonored even for the one pay period. The Debtor's reorganization jeopardize efforts just underway would be seriously undermined by poor employee morale a serious risk of the loss of valuable employees.

## ARGUMENT AND AUTHORITIES

17. This Court has a number of legal bases on which to grant the requested relief and permit Debtor to restore some of the confidence of its employees. First, §507(a)(4) of the Bankruptcy Code gives priority to employees' claims for wages, salaries or commissions, including vacation, severance and sick pay, up to $10,000 (subject to adjustment pursuant to section 104 of the Bankruptcy Code) per individual earned within the 180 days of the bankruptcy. A like amount of employee benefits are entitled to priority treatment under §507(a)(5) of the Bankruptcy Code. No employee of the Debtor is entitled to any amount fo wages, vacation days, or other benefits that even come close to these limits. These claims must be paid in full under any plan of reorganization. See 11 U.S.C. §1129(a)(9)(B). And they have priority status even in a liquidation under chapter 7. Thus, the payment of the Pre-Petition Payroll Obligations and the Pre-Petition Payroll Check Obligations at this time do not prejudice the rights of other creditors, but would merely accelerate payments that would otherwise become due as part of Debtor's reorganization, while simultaneously helping to preserve morale and retention of the employees who are necessary to the reorganization of Debtor.

18. Second, amounts deducted from employees' paychecks as withheld taxes but not yet paid over by Debtor are held in trust for such employees and/or the appropriate taxing authorities. Because Debtor does not have an equitable interest in such withholding taxes collected by Debtor before the Petition Date, such amounts are not property of Debtor's estate as defined in section 541(d) of the Bankruptcy Code.[1] See In re Tap, Inc., 52 B.R. 271, 278 (Bankr. D.Mass. 1985) (withholding taxes).

---

[1] Section 541(d) provides in pertinent part:

19. Third, section 105(a) of the Bankruptcy Code provides authority to permit the payment of these pre-petition obligations to Debtor's employees. In a long line of well-established cases, the courts have consistently permitted post-petition payment of pre-petition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. *See e.g., In Re EqualNet Commun. Corp.,* 258 B.R. 368, 369-370 (Bankr. S.D. Tex. 2000) (payment of pre-petition priority wage claim to extent of statutory cap is justified by necessity and "simple common sense"); *Michigan Bureau of Workers' Disability Compensation v. Chateaugay Corp. (In re Chateaugay Corp.),* 80 B.R. 279 (S.D.N.Y. 1987) (approving lower court order authorizing debtor prior to plan stage of case to pay pre-petition wages, salaries, expenses and benefits); *PBGC v. Sharon Steel Corp. (In re Sharon Steel Corp.)*, 159 B.R. 730, 736-37 (Bankr. W.D. Pa. 1983) (allowing immediate payment of pre-petition wage claims under necessity of payment doctrine); *In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D. La. 1989) (allowing payment of pre-petition employee wage and benefit claims).

20. The adequate staffing of Debtor's place of business without excessive turnover and the maintenance of employee morale are essential to Debtor's ability to conduct business. *See* Verified Statement of James Halbert, the Chief Restructuring Officer for Debtor, attached hereto as **Exhibit "C"** and incorporated by reference. If

---

Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under sub§ (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

Debtor is unable to immediately assure, at a minimum, that its employees will be paid timely, or if the employees are not immediately assured of uninterrupted, critical benefit payments to which they are entitled, Debtor's operations could suffer immediate and irreparable harm due to employee resentment, resignations and loss of goodwill. Debtor's failure to honor accrued obligations and benefits and to maintain Debtor's employee benefits package in force would create great concern and discontent among Debtor's employees and adversely affect Debtor's ability to retain such employees. This would severely hinder Debtor's efforts to reorganize.

## CONCLUSION

WHEREFORE, premises considered, Debtor respectfully requests that the Court enter an order on an expedited basis under authorizing (i) payment of the Pre-Petition Payroll Obligations, (ii) to pay the Debtor's portion of health insurance benefits timely according to its contractual obligations with the health program providers, (iii) honor its accrued vacation day policy for present employees; (iv) make its 401k matching contribution and pay the administration costs current on the 401k plan, and (v) to make appropriate payroll deductions for other benefits elected by employees, taxes and other withholding as currently required, and for such other and further relief as is just and proper.

Dated: April 27, 2011.

        Respectfully submitted,

        **BLOCK & GARDEN, LLP**

        /s/ I. Richard Levy
        I. Richard Levy
        State Bar No. 12260520
        Christopher M. McNeill

State Bar No. 24032852  
Susan Frierott  
State Bar No. 24041247  
5949 Sherry Ln., Suite 900  
Dallas, Texas 75225  
Tel: (214) 866-0990  
Fax: (214) 866-0991  
*levy@bgvllp.com*

## CERTIFICATE OF SERVICE

    I certify that on April 27, 2011, a copy of the foregoing Motion was served upon the parties prescribed in the Complex Chapter 11 Procedures and in the manner reflected on the attached service list via e-mail, facsimile or hand delivery and upon the United States Trustee's Office by e-mail and facsimile.

                                                    I. Richard Levy

Case 11-50162-rlj11    Doc 5    Filed 04/27/11    Entered 04/27/11 17:33:57    Desc Main
Document    Page 10 of 12

In re Levelland/Hockley County Ethanol, LL                                    Bankr. Case No. 11-50162-RLJ-11
Shortened Service List  04/27/2011

| | |
|---|---|
| Levelland/Hockley County Ethanol, LLC<br>Att: James P. Halbert<br>103 S. FM 2646, PO Box 26<br>Levelland, TX  79336-0026<br>**Debtor       by hand** | I. Richard Levy<br>Block & Garden, LLP<br>5949 Sherry Lane, Suite 900<br>Dallas, TX  75225<br>**Counsel to Debtor       by hand** |
| Nancy S. Resnick, Esq.<br>Office of the U.S. Trustee<br>1100 Commerce St., Room 976<br>Dallas, TX  75242-1699<br>**Counsel to US Trustee       via email** | Mr. Jamie Weber<br>GE Energy Financial Services<br>800 Long Ridge Road<br>Stamford, CT  06830<br>jamie.weber@ge.com<br>**Senior Secured Creditor Group       via email** |
| Farmers Energy Levelland, LLC<br>Att: Doug Bruggeman<br>2875 Needmore Road<br>Dayton, OH  45414<br>**Subordinated Secured Creditor       via email** | Bosselman Energy, Inc.<br>3123 W Stolley Park Road<br>Grand Island, NE  68801<br>**20 largest       via email** |
| CEI Pipeline<br>Tim Shanahan<br>701 Cedar Lake Blvd.<br>Oklahoma City, OK  73114<br>**20 largest       via e-mail** | Farmer's Co-Op Elevator<br>Dean Sasser<br>P.O. Box 1087<br>Levelland, TX  79336<br>**20 largest       via e-mail** |
| Ferm Solutions<br>Att: Shane Baler<br>PO Box 203<br>Danville, KY  40423<br>**20 largest       via e-mail** | First Insurance Funding Corp<br>P.O. Box 66468<br>Chicago, IL  60666-0468<br>**20 largest       via fax 847-374-3010** |
| Friona Wheat Growers<br>Att: Greg O'Brien<br>P.O. Box 248<br>Friona, Tx  79035<br>**20 largest       via fax 806-250-2150** | Gary Neill Trucking<br>Att: Gary Neill<br>1102 E. Archer Road<br>Seymour, TX  76380<br>**20 Largest       via fax 940-889-4772** |
| Genencor/Danisco US Inc<br>Att: Amber Trumbull<br>PO Box 7247-8528<br>Philadelphia, PA  19170-8528<br>**20 largest       via fax 585-256-525** | Hansen Mueller<br>Att: Chris Rau<br>8951 Synergy Dr., Suite 224<br>McKinney, TX  75070<br>**20 largest       via e-mail** |

In re Levelland/Hockley County Ethanol, LL                                Bankr. Case No. 11-50162-RLJ-11

**Shortened Service List  04/27/2011**

| | |
|---|---|
| J.D. Heiskell & Co.<br>Att; Tim Regan<br>1616 S. Kentucky<br>Amarillo, Tx  79102<br><br>*20 largest*     *via e-mail* | John & Neta Loepky Farms<br>Att: John Loepky<br>430 US HWY 180 West<br>Seminole, Tx  79360<br><br>*20 largest*     *mail* |
| Julian Coleman<br>810 W. 16th Street<br>Lamesa, TX  79331<br><br>*20 largest*     *via mail* | Land of Lakes Purina Mills<br>Att: Mike Johnston<br>P.O. Box 64102, Mail Station 5505<br>St. Paul, MN  55164<br><br>*20 Largest*     *via fax* |
| Lariat Dairy Inc.<br>Att: Jason Bryan - Commodities Plus<br>P O Box 1036<br>Farwell, TX  79325<br><br>*20 Largest*     *via fax* | Nathan Segal & Company<br>Att: Amber Trumbul<br>P.O. Box 272189<br>Houston, TX  77277-2189<br><br>*20 Largest*     *via fax* |
| Opplinger Feedyard Inc.<br>Att: Don Oppliger<br>P O BOX 854, 520 CR 14<br>Clovis, NM  88101<br><br>*20 Largest*     *via e-mail* | Sanderson Grain<br>Att: Les Wilks-Titan<br>P.O. Box 116<br>Springlake, Tx  79082<br><br>*20 largest*     *via fax* |
| Triple Nickel Inc.<br>808 W. 19th<br>Muleshoe, Tx  79347<br><br>*20 largest*     *mail* | Kenneth Weston, Esq<br>Courtney, Countiss, Brian & Bailey, LLP<br>600 S. Tyler St. Suite 1700<br>Amarillo, TX  79105<br>kweston@courtneylawfirm.com<br><br>*Attorney for JD Heiskell*     *via fax* |
| Doug Bruggeman<br>Rex American Resources<br>2875 Needmore Rd.<br>Dayton, OH  45414<br>dbruggeman@rexamerican.com<br><br>*Largest Member Interest*     *via email* | Internal Revenue Service<br>Special Procedures-Insolvency<br>PO Box 7346<br>Philadelphia, PA  19101-7346<br><br>*GovernmentNotice*     *mail* |
| State Comptroller of Public Accounts<br>Revenue Acctg-Bankr. Section<br>PO Box 13528<br>Austin , TX  78711<br><br>*Government Notice*     *-mail* | Internal Revenue Service<br>Special Procedures-Insolvency<br>PO Box 7346<br>Philadelphia, PA  19101-7346<br><br>*Government Notice*     *mail* |

In re Levelland/Hockley County Ethanol, LL         Bankr. Case No. 11-50162-RLJ-11
**Shortened Service List  04/27/2011**

State Comptroller of Public Accounts
Revenue Acctg-Bankr. Section
PO Box 13528
Austin , TX  78711

*Government Notice*          *mail*

United States Attorney
3rd Floor, 1100 Commerce St.
Dallas, TX  75242-1699

*Government Notice*          *mail*