Paul E. Heath, SBT #09355050
Rebecca L. Petereit, SBT #24062776
**VINSON & ELKINS L.L.P.**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel: 214.220.7976
Fax: 214.220.7976
pheath@velaw.com, rpetereit@velaw.com

-and-

Duston K. McFaul, SBT #24003309
**VINSON & ELKINS L.L.P.**
First City Tower
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Tel: 713.758.4740
Fax: 713.615.5777
dmcfaul@velaw.com

**COUNSEL FOR GE BUSINESS FINANCIAL SERVICES, INC.**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

| | |
|---|---|
| **In re:** § § § | |
| § | **Case No. 11-50162-11** |
| **LEVELLAND/HOCKLEY COUNTY ETHANOL, L.L.C.,** § § § | **Chapter 11** |
| **Debtor.** § § § | |

**OBJECTION TO MOTION TO SET EXPEDITED HEARING ON THE EXPEDITED MOTION OF THE DEBTOR UNDER 11 U.S.C. §§ 105, 363 AND 364 TO APPROVE ENTRY INTO ASSET MANAGEMENT AGREEMENT WITH TENASKA BIOFUELS, LLC AND FOR RELATED RELIEF**

GE Business Financial Services, Inc. ("GE"), in its capacity as an administrative agent for itself and the other senior lenders (the "Senior Lenders") files this *Objection to Motion to Set Expedited Hearing on the Expedited Motion of the Debtor under 11 U.S.C. §§ 105, 363 and 364*

*to Approve Entry into Asset Management Agreement with Tenaska Biofuels, LLC and for Related Relief* (the "Objection") requesting that this Court (i) deny the *Motion to Set Expedited Hearing on the Expedited Motion of the Debtor under 11 U.S.C. §§ 105, 363 and 364 to Approve Entry into Asset Management Agreement with Tenaska Biofuels, LLC and for Related Relief* [Docket No. 28] (the "Motion to Expedite"); (ii) set the *Expedited Motion of the Debtor under 11 U.S.C. §§ 105, 363 and 364 to Approve Entry into Asset Management Agreement with Tenaska Biofuels, LLC and for Related Relief* [Docket No. 24] (the "Motion") for hearing no earlier than May 31, 2011 and (iii) enter an appropriate pre-hearing discovery scheduling order. In support thereof, GE respectfully submits the following:

**The Motion To Expedite Should Be Denied**

1. This matter is, unfortunately, yet another chapter 11 case involving an ethanol refinery. The only estate assets are the non-operating refinery, which has been nonoperational for at least five months, and approximately $1.3 million of the Senior Lenders' cash collateral. The Senior Lenders financed the refinery and have the largest claim against the Debtor's estate,[1] currently in excess of $33 million and secured by substantially all of the Debtor's assets.

2. The Debtor seeks emergency Court approval to enter into the Asset Management and Post-Petition Financing Agreement (the "Tenaska Agreement") with Tenaska BioFuels, LLC ("Tenaska") under the statutory predicates of Bankruptcy Code §§ 363(c) and 364(b). Such relief is extraordinary in the early days of a chapter11 case.

3. The Tenaska Agreement will tie up all assets of the Debtor on an exclusive basis through December 31, 2014, thereby preventing the Debtor (and any potential buyers of the Debtor's assets) from using the plant for any other purpose ***for more than 3 ½ years***. The

---

[1] The Debtor is Levelland/Hockley Country Ethanol, LLC.

**OBJECTION TO MOTION TO SET EXPEDITED HEARING ON THE EXPEDITED MOTION OF THE DEBTOR UNDER 11 U.S.C. §§ 105, 363 AND 364 TO APPROVE ENTRY INTO ASSET MANAGEMENT AGREEMENT WITH TENASKA BIOFUELS, LLC AND FOR RELATED RELIEF** Page 2 of 6
US 882248v.10

exclusive rights to use the plant will be given to Tenaska, a party that has no relationship to any party in this case and that has not even appeared. Accordingly, the relief requested by the Debtor will hastily dictate the trajectory of the case, will tie up and transfer decisions over the function and activity of the Debtor exclusively to a new third party which does not answer to the Court (and which disclaims any agency to the Debtor), and will hinder and effectively foreclose all subsequent options for maximizing the value of the bankruptcy estate.

4. If the Debtor enters into the Tenaska Agreement, case control will be ceded to a third party with no minimum or guaranteed payment to the Debtor's estate in return, and the Debtor will retain all liabilities associated with company operations, plant equipment, general and administrative expense, and the variances of the market. The Tenaska Agreement includes defaults for any proposed sale and any insolvency finding, and accordingly the Tenaska Agreement severely hinders any restructuring options and presupposes fictional facts. The Tenaska Agreement will also necessitate the use of the Senior Lenders' cash collateral with no limits or coordination and could subject the Debtor to significant unpaid administrative claims.

5. In addition to the onerous terms and questionable benefits of the Tenaska Agreement, the Debtor has placed the issue of valuation squarely in front of the Court by arguing that there is an equity cushion that protects the Senior Lenders from the flaws of the Tenaska Agreement. However, the Debtor neglects to mention that the Debtor's last four months of sale efforts have yielded no offers even remotely close to the amount of debt owed to the Senior Lenders and that the alleged equity cushion is at best illusory.

6. As such, the Motion undeniably requests extraordinary relief under Bankruptcy Code §§ 363 and 364 and valuation findings, yet the Debtor seeks to have the Motion heard *with less than 7 days notice*. The effort to have all of these critical issues heard so quickly precludes

a fulsome inquiry by parties in interest into the flaws of the Tenaska Agreement and the questionable business judgment that advocates that the Senior Lenders bear the significant risk resulting therefrom. In fact, the Appointment of Official Unsecured Creditors' Committee was filed on the same day as the Motion and the Motion to Expedite.

7. The relief requested in the Motion necessitates that the Court critically evaluate and rule upon, *inter alia*, (i) the Tenaska Agreement, (ii) the track record of Tenaska, (iii) the value of any alleged adequate protection for diminution of the Senior Lenders' interests in the Debtor's property, and (iv) the value of the Debtor's property. As such and as a matter of due process, GE, as the administrative agent on behalf of the Senior Lenders, needs time to conduct discovery and fully develop expert analysis of the issues raised by the Debtor in the Motion so that the Court may conduct a meaningful and accurate inquiry. Because of the significant discovery needed on the issues raised by the Debtor, GE requests that a pre-hearing discovery schedule be set and that a hearing date be scheduled no earlier than May 31, 2011. A hearing as early as May 31, 2011 will still put the Motion on a fast track considering the need to conduct expert valuation analysis and to conduct depositions. The Debtor will not be prejudiced since the Tenaska Agreement can still be effectuated at a later date and GE will consent to the limited use of its cash collateral during this time in order to pay the reasonable and necessary expenses of the estate to continue to maintain the plant in warm shutdown mode.[2]

8. GE also anticipates that any hearing on the Motion will likely take more than a day of the Court's time.

---

[2] GE advised the Debtor that it would consent to such limited cash collateral usage prior to the Debtor's filing of the Motion to Expedite.

**OBJECTION TO MOTION TO SET EXPEDITED HEARING ON THE EXPEDITED MOTION OF THE DEBTOR UNDER 11 U.S.C. §§ 105, 363 AND 364 TO APPROVE ENTRY INTO ASSET MANAGEMENT AGREEMENT WITH TENASKA BIOFUELS, LLC AND FOR RELATED RELIEF** Page 4 of 6
US 882248v.10

## PRAYER

WHEREFORE, GE respectfully requests that the Court (i) deny the Motion to Expedite, (ii) set the Motion for hearing no earlier than May 31, 2011, and (iii) enter an appropriate pre-hearing discovery scheduling order. GE also requests such other and further relief, both at law and in equity, to which it may be justly entitled.

Dated: May 11, 2011

                                        Respectfully submitted,

                                        */s/ Paul E. Heath*
Paul E. Heath, SBT #09355050
Rebecca L. Petereit, SBT #24062776
**VINSON & ELKINS L.L.P.**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel: 214.220.7976
Fax: 214.220.7976
pheath@velaw.com, rpetereit@velaw.com

-and-

Duston K. McFaul, SBT #24003309
**VINSON & ELKINS L.L.P.**
First City Tower
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Tel: 713.758.4740
Fax: 713.615.5777
dmcfaul@velaw.com

**COUNSEL FOR GE BUSINESS FINANCIAL SERVICES, INC.**

## CERTIFICATE OF SERVICE

I certify that on May 11, 2011, a true and correct copy of the foregoing was served by (i) the Electronic Case Filing system for the United States Bankruptcy Court for the Northern District of Texas on those parties that have consented to such service and (ii) by United States first class mail, postage prepaid, as indicated, on the parties listed below.

                                                */s/ Paul E. Heath*
                                                        Counsel

Levelland/Hockley County Ethanol, LLC
Attn: James P. Halbert
103 S. FM 2646, PO Box 26
Levelland, TX 79336-0026

Richard Levy
Block & Garden, LLP
5949 Sherry Lane, Suite 900
Dallas, TX 75225

Nancy S. Resnick, Esq.
Office of the U.S. Trustee
1100 Commerce St., Room 976
Dallas, TX 75242-1699