I. Richard Levy
State Bar No. 12265020
Christopher M. McNeill
State Bar No. 24032852
**BLOCK & GARDEN, LLP**
5949 Sherry Ln., Suite 900
Dallas, Texas 75225
Tel: (214) 866-0990
Fax: (214) 866-0991
*levy@bgvllp.com*

APPLICANTS FOR COUNSEL TO LEVELLAND/HOCKLEY COUNTY ETHANOL, L.L.C., DEBTOR IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| **LEVELLAND/HOCKLEY COUNTY ETHANOL, LLC** | § § § | CASE NO. 11-50162-11 |
| | § | CHAPTER 11 |
| DEBTOR | § § | |

**MOTION OF THE DEBTOR TO FILE ASSET MANAGEMENT AGREEMENT
WITH TENASKA BIOFUELS, LLC UNDER SEAL
PURSUANT TO 11 U.S.C. §107(B) AND BANKR. RULE 9018**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Levelland/Hockley County Ethanol, LLC (the "Debtor"), debtor and debtor in possession in the above-referenced chapter 11 case, by and through its undersigned counsel, files this motion for an order authorizing it to file the Tenaska Agreement (*defined herein*) under seal pursuant to 11 U.S.C. §107, Fed. R. Bankr. P. 9018 and Local Bankr. Rule 9077-1 ("Motion to File Under Seal"). In support of hereof, the Debtor respectfully shows as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The Motion to File

Under Seal raise issues under 11 U.S.C. §§105 and 107, Fed. R. Bankr. P. 9018 and Local Bankr. Rule 9077-1.

## BACKGROUND

2. The Debtor filed its voluntary petition under chapter 11 on April 27, 2011 (the "Petition Date"). Pursuant to 11 U.S.C. §§1107(a) and 1108, Debtor now operates its business and manages its properties as a debtor in possession.

3. On May 10, 2011, the Debtor filed its Expedited Motion Of The Debtor Under 11 U.S.C. §§363 and 364 To Approve Entry Into Asset Management Agreement With Tenaska BioFuels, LLC and For Related Relief (the "Motion to Approve Tenaska Agreement") (Dkt. 24). The Motion to Approve seeks an order approving the Debtor's entry into a "tolling" agreement with Tenaska BioFuels, LLC ("TBF") entitled "Asset Management and Post-Petition Financing Agreement" (together with any subsequent modifications or amendments thereto, defined as the "Tenaska Agreement"). Although the Tenaska Agreement is not attached as an exhibit, the terms the Tenaska Agreement have been summarized in detail in the Motion to Approve--with the permission of TBF.

4. No hearing has been set with respect to the Motion to Approve Tenaska Agreement, although the Debtor has filed a motion to set an expedited hearing (Dkt. 28) and the group of secured lenders with GE Financial as their agent ("GE Lender Group") has filed an objection to the Debtor's expedited hearing request (Dkt. 34).

5. The Tenaska Agreement, including its terms, its form and format, are or contain proprietary business information of TBF which TBF guards as confidential. As further informed by Tenaska, the form of and the terms contained in the Tenaska

Agreement have been developed through significant investment of time and capital. As a result, TBF specified the inclusion of confidentiality provisions into the Tenaska Agreement that would be binding on the Debtor.

6. TBF has informed the Debtor that the generally availability of the Tenaska Agreement on the Court's docket, Pacer system or via service would be a significant business disadvantage that would compromise its participation with the Debtor in the tolling arrangement the agreement describes. TBF has further informed the Debtor that public disclosure of the form, terms and format of the Tenaska Agreement would provide its competitors, or would-be competitors with an unfair business advantage and/or knowledge of TBF's business that could be used to TBF's disadvantage in other transactions and otherwise

## RELIEF REQUESTED

7. The Tenaska Agreement is designated **Exhibit "A"** hereto and is submitted for the Court's consideration pursuant to the procedures set forth in the Local Bankr. Rule 9077-1(c) and as described in paragraph 16 hereof (*infra.*)

8. The Debtor moves for the Tenaska Agreement to be filed under seal, subject to the conditions set forth herein.

9. TBF has agreed with the Debtor to that parties with an interest in the Motion to Approve the Tenaska Agreement may obtain a copy conditioned on entering into a confidentiality agreement generally in the form attached hereto as **Exhibit "B"** (the "Confidentiality Agreement").

10. Therefore, the Debtor further requests the Court order that a copy of the sealed Tenaska Agreement will be made available for use in the proceedings

concerning the Motion to Approve: (i) to members of the official Creditor's Committee, the secured creditors, GE Lender Group and Farmers Energy Levelland, LLC ("FEL"), and to those parties' counsel, subject to their execution of the Confidentiality Agreement and compliance with the terms thereof; (ii) to other parties in interest related to the Motion to Approve the who obtain the consent of Tenaska and the Debtor or an order of the Court authorizing disclosure, subject to that party's execution of the Confidentiality Agreement and compliance with the terms thereof.

## ARGUMENT AND AUTHORITIES

11. Section 107(b) of the Bankruptcy Code provides this Court with the power to issue orders that will protect entities from potential harm that may result from the disclosure of confidential business information. In pertinent part:

> "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ."

11 U.S.C. § 107(b).

12. Bankruptcy Rule 9018 sets forth the procedural mechanism for implementing §107(b) and provides:

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

FED. R. BANKR. P. 9018.

13. While the Bankruptcy Code recognizes that court proceedings generally should be matters of public record, it also recognizes that public right to access is not

absolute. *See* 11 U.S.C. § 107(a); *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

14. The Court and parties in interest should be able to review and evaluate the terms of the Tenaska Agreement in connection with the Debtor's Motion to Approve. However, this process can be accomplished without public disclosure of TBF's confidential business and propriety information by submitting it to the Court for consideration under seal.

15. The Debtor and/or Tenaska reserve the right to seek to implement other procedures to ensure that hearings or other matters related to or involving the Tenaska Agreement are conditioned to respect the confidential business nature of the Tenaska Agreement.

16. Pursuant to Local Bankr. Rule 9077-1, the Debtor is submitting the Tenaska Agreement by means of two printed copies and one electronic version on a disc (denoted as Exhibit "A" hereto) transmitted via hand delivery or overnight delivery to the Lubbock's clerk's office.

## CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court enter an Order under 11 U.S.C. §107(b) and Fed. R. Bankr. P. 9018:

(i) authorizing the filing of the Tenaska Agreement under seal to protect the confidential, propriety information of Tenaska contained therein and for use solely in the proceedings on the Debtor's Motion to Approve;

(ii) providing that the members of the Creditor's Committee, the secured lenders, the GE Group and FEL, and those parties' counsel, shall be provided a copy of

the Tenaska Agreement upon execution of the Confidentiality Agreement and in compliance with the terms set forth therein or as may otherwise agreed by the Debtor and Tenaska;

    (iii)    authorizing other parties in interest who obtain the consent of Tenaska and the Debtor, or whom obtain an order of the Court authorizing disclosure, shall be provided a copy of the Tenaska Agreement upon execution of the Confidentiality Agreement and in compliance with the terms set forth therein; and

    (iv)    for such other and further relief as this Court shall deem just and proper.

Dated: May 12, 2011.                          Respectfully submitted,

**BLOCK & GARDEN, LLP**

/s/ Richard Levy
I. Richard Levy
State Bar No. 12260520
Christopher M. McNeill
State Bar No. 24032852
5949 Sherry Ln., Suite 900
Dallas, Texas 75225
Tel: (214) 866-0990
Fax: (214) 866-0991
levy@bgvllp.com

## CERTIFICATE OF SERVICE

    I certify that on May 12, 2011, a copy of the foregoing Motion was served upon the parties prescribed by the Court's order on complex procedures upon the shortened service list attached hereto and in the manner reflected thereon.

                                        */s/ I. Richard Levy*
                                        I. Richard Levy

Levelland/Hockley County Ethanol, LLC
Att: James P. Halbert
103 S. FM 2646, PO Box 26
Levelland, TX  79336-0026

**Debtor  via e-mail**

Nancy S. Resnick, Esq.
Office of the U.S. Trustee
1100 Commerce St., Room 976
Dallas, TX  75242-1699

**Counsel to US Trustee  via email**

Paul E. Heath, Esq.
Rebecca Petereit, Esq.
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
**Counsel to GE  via ECF**
pheath@velaw.com;rpetereit@velaw.com

Farmers Energy Levelland, LLC
Att: Doug Bruggeman
2875 Needmore Road
Dayton, OH  45414

**Subordinated Secured Creditor  via email**

Plains Grain Co, Inc.
Att: James Shannon
PO Box 188
Abernathy, TX  79311

**20 Largest  via e-mail**

CEI Pipeline
Att: Tim Shanahan
701 Cedar Lake Blvd.
Oklahoma City, OK  73114

**20 largest  via e-mail**

Ferm Solutions
Att: Shane Baler
PO Box 203
445 Roy Arnold Ave.
Danville, KY  40423

**20 largest  via e-mail  mbaker@ferm-solutions.com**

I. Richard Levy
Block & Garden, LLP
5949 Sherry Lane, Suite 900
Dallas, TX  75225

**Counsel to Debtor  by hand**

Mr. Jamie Weber
GE Energy Financial Services
800 Long Ridge Road
Stamford, CT  06830

**Senior Secured  via email jamie.weber@ge.com**

Duston K. McFaul, Esq.
Vinson & Elkins Llp
1001 Fannin Street
Suite 2500
Houston, Texas 77002-6760

**Counsel to GE  via ECF  dmcfaul@velaw.com**

Permian Basin Railway Co., Inc.
Att: Ed Ellis
118 S. Clinton St.
Chicago, IL  60661
**20 Largest  via e-mail ellise@iowapacific.com;
mardod@iowapacific.com**

Bosselman Energy, Inc.
3123 W Stolley Park Road
Grand Island, NE  68801

**20 largest  via fax**

David R. Langston, Esq.
Mullin Hoard & Brown, LLP
P.O. Box 2585
Lubbock, Texas 79408

**Counsel for CEI Pipeline  via ECF  drl@mhba.com**

First Insurance Funding Corp
P.O. Box 66468
Chicago, IL  60666-0468

**20 largest  via fax**

In re Levelland/Hockley County Ethanol, LL                                    Bankr. Case No. 11-50162-RLJ-11
                        Shortened Service List 05/10/2011 -- vers. 2

Friona Wheat Growers
Att: Greg O'Brien
P.O. Box 248
Friona, Tx 79035

*20 largest           via fax 806-250-2150*
*via email    grego@frionawheatgrowers.com*

Genencor/Danisco US Inc
Att: Amber Trumbull
PO Box 7247-8528
Philadelphia, PA 19170-8528

*20 largest           via fax 585-256-525*

Hansen Mueller
Att: Chris Rau
8951 Synergy Dr., Ste. 224
McKinney, TX 75070

*20 Largest           via e-mail*

J.D. Heiskell & Co.
Att; Tim Regan
1616 S. Kentucky
Amarillo, Tx 79102

*20 largest           via e-mail*

Land of Lakes Purina Mills
Att: Mike Johnston
P.O. Box 64102, Mail Station 5505
St. Paul, MN 55164

*20 Largest           via fax*

John & Neta Loepky Farms
Att: John Loepky
430 US HWY 180 West
Seminole, Tx 79360

*20 largest           via e-mail*

Nathan Segal & Company
Att: Jack Goldman
P.O. Box 272189
Houston, TX 77277-2189

*20 Largest           via email jackg@nathansegal.com*

Gary Neill Trucking
Att: Gary Neill
1102 E. Archer Road
Seymour, TX 76380

*20 Largest           via fax 940-889-4772*

Farmer's Co-Op Elevator
Dean Sasser
P.O. Box 1087
Levelland, TX 79336

*20 largest           via e-mail*

Julian Coleman
810 W. 16th Street
Lamesa, TX 79331

*20 largest           via fax*

Kenneth Weston, Esq
Courtney, Countiss, Brian & Bailey, LLP
600 S. Tyler St. Suite 1700
Amarillo, TX 79105

***Attorney for JD Heiskell           via ECF***

Lariat Dairy Inc.
Att: Jason Bryan - Commodities Plus
P O Box 1036
Farwell, TX 79325

*20 Largest           via fax*

Opplinger Feedyard Inc.
Att: Don Oppliger
P O Box 854, 520 CR 14
Clovis, NM 88101

*20 Largest           via e-mail*

Sanderson Grain
Att: Les Wilks-Titan
P.O. Box 116
Springlake, Tx 79082

*20 largest           via fax*

**In re Levelland/Hockley County Ethanol, LL**  **Bankr. Case No. 11-50162-RLJ-11**
**Shortened Service List  05/10/2011**

Triple Nickel Inc.
808 W. 19th
Muleshoe, Tx  79347

*20 largest             Ovwernight mail*

Laura J. Monroe, Esq.
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
P. O. Box 817
Lubbock, Tx 79408

*South Plains College, Hockley County And Levelland*
*Independent School District         via email*

Internal Revenue Service
Special Procedures-Insolvency
PO Box 7346
Philadelphia, PA  19101-7346

*GovernmentNotice   Overnight mail*

United States Attorney
3rd Floor, 1100 Commerce St.
Dallas, TX  75242-1699

*Government Notice          Overnigt mail*

Doug Bruggeman
Rex American Resources
2875 Needmore Rd.
Dayton, OH  45414
dbruggeman@rexamerican.com

*Largest Member Interest          via email*

Myrtle McDonald
Myrtle McDonald, PLLC
3305 66th Street, Suite 3
Lubbock, TX 79413

*West Texas St. Bank       via fax (806) 589-0790*

State Comptroller of Public Accounts
Revenue Acctg-Bankr. Section
PO Box 13528
Austin , TX  78711

*Government Notice          overnight-mail*

# EXHIBIT "A"

ASSET MANAGMENT AND
POST-PETITION FINANCING
AGREEMENT TRANSMITTED TO THE
COURT PURUSUANT TO LOCAL
BANKR. R. 9077-1(c).

# EXHIBIT "B"

# CONFIDENTIALITY AND NONDISCLOSURE AGREEMENT

This Confidentiality and Nondisclosure Agreement (this "Agreement") is made as of this _____ day of _____, 20___ by and between Tenaska Biofuels, LLC ("Disclosing Party"), and _____ ("Receiving Party"). Disclosing Party and Receiving Party may be referred to herein individually as a "Party" and collectively as "Parties."

**WITNESSETH:**

**WHEREAS**, Disclosing Party has entered into an Asset Management & Post-Petition Financing Agreement (together with any prior versions, samples, amendments, modifications or substitutions thereof, the "Asset Management Agreement") with Levelland Hockley County Ethanol, LLC (the "Debtor"), debtor in possession, as defined by 11 U.S.C. §101 et seq. in the Chapter 11 proceeding Bankruptcy Case No. 11-50162-RLJ-11 pending before the United States Bankruptcy Court for the Northern District of Texas, Lubbock Division (the "Bankruptcy Court"), filed on or about April 27, 2011 (the "Chapter 11 Proceeding");

**WHEREAS**, as part of the Chapter 11 Proceeding, Debtor has filed a motion with the Bankruptcy Court seeking approval of the Asset Management Agreement, and a copy of the Asset Management Agreement has been submitted to the Court with a request for it to be sealed;

**WHEREAS**, the Asset Management Agreement and its contents are confidential, proprietary, trade secret information of the Disclosing Party;

**WHEREAS**, as part of its involvement in the proceedings related to approval of the Asset Management Agreement in the Chapter 11 Proceeding (the "Purpose"), the Receiving Party will be given access to the Asset Management Agreement.

**WHEREAS**, the Disclosing Party is willing to allow the Receiving Party to have a copy of and to review the Asset Management Agreement related to the Purpose, provided that the Parties enter into this Agreement and agree to abide by the terms hereof;

**NOW, THEREFORE**, for and in consideration of the premises and the agreements herein contained, the sufficiency of which is hereby acknowledged, the Parties do hereby agree as follows:

1) Nondisclosure of Confidential Information. For purposes of this Agreement, "Confidential Information" means the Asset Management Agreement, its general structure, and its contents. The Receiving Party agrees that it will keep the Confidential Information confidential and will not use the Confidential Information for any purpose other than in connection with the Purpose. The Confidential Information may be disclosed to the directors, officers, employees, agents, attorneys, auditors and consultants of the Receiving Party and its affiliates (collectively, "Representatives"), but only if such Representatives have need to know the Confidential Information in connection with the Purpose. The Receiving Party agrees that (i) such Representatives will be informed by the Receiving Party of the confidential nature of the Confidential Information and the requirement that it not be

1

used other than in connection with the Purpose, (ii) such Representatives will be required to agree to and be bound by the terms of this Agreement as a condition of receiving the Confidential Information, and (iii) in any event, the Receiving Party will be responsible for any disclosure of Confidential Information, or any other breach of this Agreement, by any of its Representatives. The Receiving Party shall not disclose the Confidential Information to any person other than as permitted hereby, and shall safeguard the Confidential Information from unauthorized disclosure using the same degree of care as it takes to preserve its own confidential information (but in any event no less than a reasonable degree of care). For purposes hereof, "person" will be interpreted broadly to include, without limitation, public and private media including, without limitation, the internet, and any corporation, company, group, governmental department or agency, trust, association, limited liability company, partnership, other entity or individual.

2) <u>Notice Preceding Compelled Disclosure</u>. If the Receiving Party or its Representatives are requested or required (by applicable law, regulation, order, oral question, interrogatories, requests for information or documents, subpoena, civil investigative demand or similar process) to disclose any Confidential Information, the Receiving Party shall promptly notify the Disclosing Party of such request or requirement (if such notification can be made without violating the terms of such compelled disclosure), so that the Disclosing Party may seek an appropriate protective order or waive compliance with this Agreement. If, in the absence of a protective order or the receipt of a waiver hereunder, the Receiving Party or its Representatives are, in the opinion of its or their legal counsel, compelled to disclose the Confidential Information, the Receiving Party and/or its Representatives may disclose only such of the Confidential Information to the party compelling disclosure as is required by law and, in connection with such compelled disclosure, the Receiving Party and its Representatives shall use their reasonable efforts, at the Disclosing Party's request and expense, to obtain from the party to whom disclosure is made written assurance that confidential treatment will be accorded to such portion of the Confidential Information as is disclosed.

3) <u>No Warranty of Accuracy</u>. Disclosing Party makes no representation or warranty, express or implied, with respect to the accuracy or completeness of the Confidential Information provided to the Receiving Party. Neither the Disclosing Party nor any of its directors, officers, or employees shall have any liability to the Receiving Party, any of its Representatives, or any other person, relating to the accuracy and completeness or the use of the Confidential Information.

4) <u>Termination: Duration of Obligations</u>. Unless sooner terminated by mutual written Agreement of the Parties, this Agreement and the obligations hereunder shall terminate ten (10) years from the date hereof.

5) <u>Return of Information</u>. The Confidential Information shall remain the property of the Disclosing Party, and upon written request from the Disclosing Party to the Receiving Party, all Confidential Information (including all copies thereof) then in the possession of the Receiving Party or its Representatives, except for that portion of the Confidential Information that may be found in analyses, compilations, studies or other documents

prepared by or for the Receiving Party in connection with the Purpose, shall be returned to the Disclosing Party within seven (7) days. No copies of such Confidential Information shall be retained by the Receiving Party or its Representatives, unless the Parties agree otherwise.

6) <u>No Waiver</u>. No failure or delay in exercising any right, power or privilege hereunder will operate as a waiver thereof, nor will any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege hereunder.

7) <u>Remedies</u>. The Parties acknowledge and agree that money damages would not be a sufficient remedy for any breach of this Agreement, and the non-breaching Party shall be entitled to seek specific performance and/or injunctive relief as remedies for any such breach without opposition from the other Party, and each Party further agrees to waive, and to use reasonable efforts to cause such Party's Representatives to waive, any requirement for the securing or posting of any bond in connection with such remedy. Such remedies shall not be deemed to be the exclusive remedies for a breach of this Agreement, but shall be in addition to all other remedies available at law or in equity.

8) <u>No License</u>. It is understood and agreed that neither the execution of this Agreement nor disclosure of any Confidential Information by Disclosing Party to Receiving Party shall be construed as granting to the Receiving Party or any of its Representatives any license or rights in respect of any part of the Confidential Information disclosed to it, including any trade secrets included in any such Confidential Information.

9) <u>Notices.</u> Any communications between the Parties or notices or requests in connection with this Agreement may be given by mailing the same, postage prepaid, or by facsimile, to each Party at its address set forth on the signature page hereto, or to such other addresses as either Party may in writing hereafter indicate.

10) <u>Miscellaneous.</u> This Agreement inures to the benefit of and is binding on the Parties and their respective successors and assigns. The headings of the paragraphs of this Agreement are inserted for convenience only and do not constitute a part hereof or affect in any way the meaning or interpretation of this Agreement. This Agreement shall be governed by and construed in accordance with the laws of the State of Texas without regard to any conflicts of laws rule that would apply the laws of another jurisdiction. This Agreement may be executed in several counterparts, and all such counterparts shall constitute one agreement binding on the Parties hereto and shall have the same force and effect as an original instrument. This Agreement may be executed by facsimile signature and any such signature shall be accepted as if it were an original execution signature.

*[Remainder of page intentionally left blank. Signature page follows.]*

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the day and year first above written.

Disclosing Party:                              Receiving Party:

_____                    _____



By: _____                    By: _____
Name:                                          Name:
Title:                                         Title:

Address for Notices:                           Address for Notices:
Tenaska Biofuels, LLC                          _____
1045 N 115th Street, Suite 200                 _____
Omaha, NE  68154                               _____


With a copy to

Levelland/Hoclkley County Ethanol, LLC, DIP
c/o James Halbert, CRO
103 S. FM 2646
PO Box 26
Levelland , TX  79336-0026

and

I. Richard Levy, Esq.
Block & Garden, LLP
5949 Sherry Lane, Suite 900
Dallas, TX  75225