# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

| | | |
|---|---|---|
| In re §<br>§<br>**LEVELLAND/HOCKLEY COUNTY** §<br>**ETHANOL, L.L.C** §<br>§<br>Debtor §<br>§ | | **Case No. 11-50162-RLJ-11**<br><br>**Chapter 11** |

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Y | 4 | $ 7,049,529.82 | | |
| B - Personal Property | Y | 21 | $ 53,401,594.62 | | |
| C - Property Claimed as Exempt | N | 0 | | | |
| D - Creditors Holding Secured Claims | Y | 3 | | $ 42,771,846.07 | |
| E - Creditors Holding Unsecured Priority Claims *(Total of Claims on Schedule E)* | Y | 4 | | $ 600,971.40 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Y | 19 | | $ 4,184,614.43 | |
| G - Executory Contracts and Unexpired Leases | Y | 4 | | | |
| H - Codebtors | Y | 1 | | | |
| I - Current Income of Individual Debtor(s) | N | 0 | | | N/A |
| J - Current Expenditures of Individual Debtors(s) | N | 0 | | | N/A |
| | TOTAL: | 57 | $60,451,124.44 | $ 47,557,431.90 | N/A |

*This Summary and the Attached Schedules of Assets and Liabilities is subject to General Notes attached hereto*

# GENERAL NOTES

On April 27, 2011 (the "Petition Date"), Levelland/Hockley County Ethanol, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, Case No. 11-50162, pending in the U.S. Bankruptcy Court for the Northern District of Texas, Lubbock Division. The Debtor operates its business and manages its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. All asset and liability information, except where otherwise noted, is as of the Petition Date.

The Schedules of Assets and Liabilities (the "Schedules") of the Debtor have been prepared pursuant to 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007 by management of the Debtor with the assistance of its advisors and are unaudited. While the Debtor has made reasonable efforts to ensure that the Schedules are accurate and complete based on information that was available to the Debtor at the time of preparation, subsequent information or discovery may result in material changes to the Schedules, and inadvertent errors or omissions may exist. Because the Schedules contain unaudited information which is subject to further review and potential adjustment, there can be no assurance that the Schedules are complete. These General Notes, Statement of Limitations and Disclaimer Regarding Debtor's Schedules (the "General Notes") are incorporated by reference in, and comprise an integral part of the Schedules and should be referred to and reviewed in connection with any review thereof.

**Amendment.** The Debtor reserves all rights to amend and/or supplement the Schedules as is necessary and appropriate.

**Basis of Presentation.** The Schedules have been assembled using the values of assets according to the books and records of the Debtor. The Debtor has also obtained a fair market valuation of its assets prepared as of December 31, 2010. The valuation of the Debtor's assets are reflected as follows:

| | |
|---|---|
| **Land Value $** | $ 872,000 |
| **Integrated Mechanical, Process Equip.** | $ 30,206,000 |
| **Building & Site Improvements & Grain Silos** | $ 11,021,000 |
| **Engineering & Other Soft Costs** | $ 8,601,000 |
| **Furniture, Fixtures and Equipment** | $ 800,000 |
| **Total Opinion of Market Value** | $ 51,500,000 |

The Valuation was prepared at the request of the Board of Managers of the Debtor by Natwick Associates, an appraisal firm that is well respected in the Ethanol industry. The foregoing amounts are subject to any and all restrictions set forth in the formal appraisal, and do not include all assets of the Debtor. The Debtor shall not bee deemed to adopt the appraisal as an admission of the Debtor on the value of its assets for any purpose, including either as a limitation on the upper end of the full market value of the Debtor in an orderly liquidation, as an operating entity, for purposes of valuation in matters concerning a plan of reorganization or other matters arising in the bankruptcy case.

**Causes of Action.** The Debtor, despite efforts, may not have identified and/or set forth all of its causes of action (filed or potential) against third parties as assets in the Schedules. The Debtor reserves all of its rights with respect to any causes of action it may have. Nothing in these General Notes or the Schedules shall be deemed a waiver of any such causes of action.

**Claims Description**. Any failure to designate a claim on the Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated" without any reservation. The Debtor reserves the right to dispute any claim reflected on the Schedules on any grounds, including, but not limited to, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated" upon investigation or later e valuation of facts and legal grounds. The Debtor reserves the right to amend the Schedules, accordingly.

**Schedule D – Creditors Holding Secured Claims**. Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Court, the Debtor reserves the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D. Moreover, although the Debtor may have scheduled claims of various creditors as secured claims, the Debtor reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the General Notes, the Schedules or the Statement shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtor has not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtor, or inchoate statutory lien rights.

**Schedule E – Creditors Holding Unsecured Priority Claims**. Schedule E does not include priority employee claims that were paid pursuant to the Court Order.

**Schedule F – Creditors Holding Unsecured Nonpriority Claims**. Schedule F does not include certain deferred charges, deferred liabilities or general reserves. Such amounts are, however, reflected on the Debtor's books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While best efforts have been made, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor generally lists the date of the last transaction with a claimant. Certain creditors owe amounts to the Debtor and Debtor may have valid setoff or recoupment rights with respect to such amounts. The Debtor has not reviewed all possible setoff or recoupment rights and hereby reserves all rights to setoff or recoupment.

*Schedule F contains information regarding pending litigation involving the Debtor. The amounts for these potential claims are listed as unliquidated, but may also be disputed. Distillers Grain Purchasers claim amounts have been estimate in good faith by the Debtor based on information assembled from knowledgeable in the market and industry. However, they have not been fully liquidated or agreed with the claimant as of the Petition Date, therefor they have been reflected as unliquidated and the Debtor reserves the right to review the amount determined to be due.*

**Schedule G – Executory Contracts and Unexpired Leases**. While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. Listing a contract, agreement or lease on Schedule G does not constitute an admission that such contract, agreement or lease is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. Any and all of the Debtor's rights, claims and causes of action with respect to the contracts, agreements and leases listed on Schedule G are hereby reserved and preserved. In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as indemnity agreements, supplemental agreements, amendments, letter agreements, and confidentiality agreements. Such documents may not be set forth in Schedule G. The Debtor reserves all of its rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim. Omission of a contract, agreement or lease from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts, agreements or leases are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

**Totals.** All totals that are included in the Schedules represent totals of all known amounts included in the Debtor's books and records at the time of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

**Trade Accounts Receivable and Accounts Payable**. Such accounts are presented net of allowance for doubtful accounts, but without consideration for any liabilities related to mutual counterparty accounts payable, open or terminated contract liabilities, liquidated damages, setoff rights or collateral held by the Debtor unless otherwise stated.   Likewise, accounts payable are shown without consideration for accounts receivable, open or terminated contracts, liquidated damages, setoff rights or collateral that has been posted on behalf of the counterparty.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | |
|---|---|
| IN RE § § | |
| **LEVELLAND/HOCKLEY COUNTY ETHANOL, L.L.C** § § § § | CASE NO. 11-50162-RLJ-11 CHAPTER **11** |
| **DEBTOR** § § | |

### DECLARATION OF DEBTOR LIMITED LIABILITY COMPANY CONCERNING SCHEDULES OF ASSETS AND LIABILITIES

The undersigned, the duly authorized officer of the limited liability company named as the debtor in this case, declare under penalty of perjury that I have read the following Schedules of Assets and Liabilities and the General Notes, and they are true and correct to the best of my information and belief.

Date: May 17, 2011          */s/ James P. Halbert*
                            James P. Halbert
                            Chief Restructuring Officer


OF COUNSEL:

**BLOCK & GARDEN, LLP**

*/s/ I. Richard Levy*
I. Richard Levy
State Bar No. 12260520
5949 Sherry Ln., Suite 900
Dallas, Texas 75225
Tel: (214) 866-0990
Fax: (214) 866-0991
*levy@bgvllp.com*