Kenneth E. Weston
Dusty J. Stockard
COURTNEY, COUNTISS, BRIAN & BAILEY, L.L.P.
P. O. Box 9238
Amarillo, TX  79105-9238
(806) 372-5569
ATTORNEYS FOR J. D. HEISKELL HOLDINGS, L.L.C.
D/B/A J. D. HEISKELL & COMPANY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LEVELLAND/HOCKLEY COUNTY | § | No. 11-50162-RLJ-11 |
| ETHANOL, L.L.C. | § | |
| Debtor. | § | |

**OBJECTION TO THE MOTION TO SET EXPEDITED HEARING AND THE EXPEDITED MOTION OF THE DEBTOR UNDER 11 U.S.C. §§105, 363 AND 364 TO APPROVE ENTRY INTO ASSET MANAGEMENT AGREEMENT WITH TENASKA BIOFUELS, LLC, AND FOR RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

J.D. Heiskell Holdings, L.L.C., d/b/a J.D. Heiskell & Company ("Heiskell"), a creditor and party in interest, files this Objection to the Motion to Set Expedited Hearing and the Expedited Motion of the Debtor under 11 U.S.C. §§105, 363 and 364 to Approve Entry into Asset Management Agreement with Tenaska BioFuels, LLC, and for Related Relief [Docket No. 28] (the "Motion"); and in support of its objection, respectfully shows as follows:

**I. BACKGROUND FACTS**

1. The Debtor filed this Chapter 11 proceeding on or about April 27, 2011.

2. As of the date of the filing of this objection, the Debtor has not yet filed all its schedules or its statement of financial affairs, although it has sought an extension to the filing of same.

3. Heiskell is a creditor and party in interest in this Bankruptcy, and has been listed in the Debtor's List of Creditors Holding 20 Largest Unsecured Claims as the 4th largest unsecured creditor, with a listed claim amount of $335,238.36.

4. Heiskell supplied grain to the Debtor in the regular course of business from at least November 24, 2010, through and including February 16, 2011.

5. Contemporaneously with the filing of this objection, Heiskell has filed its Proof of Claim in this Bankruptcy, reference to which claim is made herein for all purposes consistent herewith.

6. On May 10, 2011, the Debtor filed its Expedited Motion of the Debtor Under 11 U.S.C. §§105, 363 and 364 to Approve Entry into Asset Management Agreement with Tenaska BioFuels, LLC (the "Tenaska Agreement") and for Related Relief [Docket No. 24] (the "Tenaska Motion").

7. On May 11, 2011, GE Business Financial Services, Inc., filed its objection to the Tenaska Motion [Docket No. 32] (hereafter the "GE Objection").

8. On May 12, 2011, the Debtor filed its Motion of the Debtor to File Asset Management Agreement with Tenaska BioFuels, LLC, Under Seal, pursuant to 11 U.S.C. §107(B) and Bankruptcy Rule 9018 [Docket No. 36] (hereinafter "Motion to Seal").

## II. HEISKELL'S JOINDER IN GE'S OBJECTION TO TENASKA MOTION

9. Heiskell joins in the GE Objection, and incorporates by reference paragraphs 1 through 8 of the GE Objection, to the extent that it is consistent with the position of Heiskell as an unsecured creditor in this Bankruptcy.

## III. GROUNDS FOR HEISKELL'S FURTHER OBJECTION

10. Heiskell has not had the opportunity to review the Tenaska Agreement for the reason that the Debtor has moved to file the Tenaska Agreement under seal. The Debtor would have Heiskell and other creditors in this Bankruptcy enter into a confidentiality and nondisclosure agreement, subjecting them to needless liability, before they can review the terms of a critical partnering agreement with Tenaska that will undoubtedly be the cornerstone to the Debtor's anticipated plan of reorganization.

11. Under the Debtor's Motion to Seal, only a choice few creditors are spared the attendant liability of entering into a confidentiality agreement and have immediate access to the Tenaska Agreement, namely, the Official Creditors Committee; the secured creditors; GE Lender Group; and Farmers Energy Levelland, LLC.

12. The Debtor's senior lender, GE Business Financial Services, Inc. ("GE"), has reviewed the Tenaska Agreement. Based upon the objection of GE, Heiskell has gleaned a number of concerns regarding the Tenaska Agreement that form the bases of Heiskell's objection herein.

13. The Tenaska Agreement seems to turn the reins of the Debtor over to a third party who apparently has had no prior affiliation with the Debtor and presumably will not be required to answer to the Court and the unsecured creditors in this Bankrutpcy, who are owed an aggregate of at least $4,184,614.43 by the Debtor.

14. The Debtor characterizes its proposed arrangement with Tenaska, in part, as an "Asset Management Agreement." Any such arrangement in the context of a Chapter 11 reorganization case should have an appropriate level of transparency to give all creditors and Parties in Interest an opportunity to evaluate the agreement to determine if it is in the best interest of the Bankruptcy Estate and the creditors.

15. Based upon limited information available to Heiskell, it appears that the Tenaska Agreement will tie up all assets of the Debtor on an exclusive basis until December 31, 2014. Any such arrangement would unduly limit the ability of the Debtor to operate freely in the marketplace to optimize the best use of its assets, hopefully, to the benefit of its creditors in this Bankruptcy.

16. Based upon the Debtor's limited outline of the "Tenaska Agreement's major terms," Heiskell has the following comments or concerns:

    a. Heiskell is currently involved in similar, although not identical agreements as those proposed by the Debtor, which agreements have lower fees and terms which are more favorable than the Tenaska Agreement.

b. Heiskell believes that a similar deal can be structured with fewer fees and more flexible terms in the way the Debtor operates business.

c. Heiskell believes that a transparent fee reduction can be structured. Specifically, Heiskell is ready, willing and able to negotiate a tolling agreement which would provide an alternative to the Tenaska Agreement on terms that would be beneficial to the Debtor and the Bankruptcy Estate.

d. The Debtor's ethanol plant requires a consistent and reliable supply of milo and/or corn in order to produce ethanol. There is presently no information available to the creditors which would indicate Tenaska's ability to efficiently supply grain to the Debtor in the Levelland area.

e. Based upon the market information available to Heiskell, the Tenaska proposal to the Debtor is inferior to what arrangement could otherwise be proposed to the Debtor by J.D. Heiskell.

f. Additional relevant information needs to be made available to the Court and to all creditors in this Bankruptcy regarding the Tenaska Agreement. Transparency is essential. The ability to conduct discovery to obtain more information concerning the background; terms; and implementation of the Tenaska Agreement is necessary, before the Court can make an informed decision on approving or disapproving the proposed arrangement.

17. Consistent with GE's Objection, Heiskell also requests a pre-hearing discovery schedule be set and that a hearing date be scheduled no earlier than May 31, 2011, on the merits of the Tenaska Motion.

### III. PRAYER

WHEREFORE, Heiskell respectfully requests that the Court deny the Motion to Expedite, or alternatively, set the Motion for hearing no earlier than May 31, 2011, and enter an appropriate pre-hearing discovery scheduling order for the benefit of all creditors. Heiskell also requests such other and further relief, both at law and in equity, to which it may be justly entitled.

DATED: May 17, 2011.

Respectfully submitted,

Courtney, Countiss, Brian & Bailey, L.L.P.
1700 Chase Tower (zip — 79101)
P. O. Box 9238
Amarillo, Texas 79105-9238
(806) 372-5569; (806) 372-9761 (fax)

/s/ Kenneth E. Weston
Kenneth E. Weston
Texas Bar No. 21232250
Dusty J. Stockard
Texas Bar No. 24028014
**Attorneys for J. D. Heiskell Holdings, L.L.C.**
**d/b/a J. D. Heiskell & Company**

## CERTIFICATE OF SERVICE

I certify that on May 17, 2011, a true and correct copy of the foregoing was served by the Electronic Case Filing system for the United States Bankruptcy Court for the Northern District of Texas on those parties that have consented to such service and by United States first class mail, postage prepaid, as indicated, on the parties listed below.

/s/ Kenneth E. Weston

Levelland Hockley County Ethanol, LLC
Attn: James P. Halbert
103 S. FM 2646, PO Box 26
Levelland, TX 79336-0026

Nancy S. Resnick, Esq.
Office of the U.S. Trustee
1100 Commerce St., Room 976
Dallas, TX 75242-1699

Richard Levy
Block & Garden, LLP
5949 Sherry Lane, Suite 900
Dallas, TX 75225

G:\Data\WP\2011\1100011\Obj Motion to Expedite.wpd