Kenneth E. Weston
Dusty J. Stockard
COURTNEY, COUNTISS, BRIAN & BAILEY, L.L.P.
P. O. Box 9238
Amarillo, TX 79105-9238
(806) 372-5569
ATTORNEYS FOR J. D. HEISKELL HOLDINGS, L.L.C.
D/B/A J. D. HEISKELL & COMPANY

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LEVELLAND/HOCKLEY COUNTY | § | No. 11-50162-RLJ-11 |
| ETHANOL, L.L.C. | § | |
| Debtor. | § | |

### OBJECTION TO MOTION OF THE DEBTOR TO FILE ASSET MANAGEMENT AGREEMENT WITH TENASKA BIOFUELS, LLC, UNDER SEAL PURSUANT TO 11 U.S.C. §107(b) AND BANKRUPTCY RULE 9018

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

J.D. Heiskell Holdings, L.L.C., d/b/a J.D. Heiskell & Company ("Heiskell"), a creditor and party in interest, files this Objection to Motion of the Debtor to File Asset Management Agreement with Tenaska BioFuels, LLC, Under Seal Pursuant to 11 U.S.C. §107(b) and Bankruptcy Rule 9018 [Docket No. 36] (the "Motion to Seal"); and in support of its objection, respectfully shows as follows:

### I. BACKGROUND FACTS

1.  The Debtor filed this Chapter 11 proceeding on or about April 27, 2011.

2.  As of the date of the filing of this objection, the Debtor has not yet filed all its schedules or its statement of financial affairs, although it has sought an extension to the filing of same.

3.  Heiskell is a creditor and party in interest in this Bankruptcy, and has been listed in the Debtor's List of Creditors Holding 20 Largest Unsecured Claims as the 4th largest unsecured creditor, with a listed claim amount of $335,238.36.

4. Heiskell supplied grain to the Debtor in the regular course of business from at least November 24, 2010, through and including February 16, 2011.

5. Contemporaneously with the filing of this objection, Heiskell has filed its Proof of Claim in this Bankruptcy, reference to which claim is made herein for all purposes consistent herewith.

6. On May 10, 2011, the Debtor filed its Expedited Motion of the Debtor Under 11 U.S.C. §§105, 363 and 364 to Approve Entry into Asset Management Agreement with Tenaska BioFuels, LLC (the "Tenaska Agreement") and for Related Relief [Docket No. 24] (the "Tenaska Motion").

7. On May 11, 2011, GE Business Financial Services, Inc., filed its objection to the Tenaska Motion [Docket No. 32] (hereafter the "GE Objection").

8. On May 12, 2011, the Debtor filed its Motion of the Debtor to File Asset Management Agreement with Tenaska BioFuels, LLC ("Tenaska"), Under Seal, pursuant to 11 U.S.C. §107(B) and Bankruptcy Rule 9018 [Docket No. 36] (hereinafter "Motion to Seal").

## II. GROUNDS FOR HEISKELL'S OBJECTION

9. The Debtor characterizes its proposed arrangement with Tenaska, in part, as an "Asset Management Agreement". Any such arrangement in the context of a Chapter 11 reorganization case should have complete transparency to give all creditors and parties in interest an opportunity to evaluate the Tenaska Agreement to determine if it is in the best interest of the Bankruptcy Estate and the creditors.

10. Tenaska is not requesting that the proposed Management Agreement be placed under seal. Instead, it hides behind the Debtor and attempts to guard the terms and conditions of a critical partnering agreement with the Debtor that would undoubtedly be the cornerstone of the Debtor's anticipated plan of reorganization. This type of secrecy flies in the face of the Bankruptcy Code

which favors public access. Any exception to public access should be exercised only in case of extraordinary circumstance or compelling need.

11. The Debtor asserts that the terms of the Tenaska Agreement contain "proprietary business information of TBF which TBF guards as confidential." If that is the case, those specific portions of the agreement can be redacted, after an appropriate *in camera* review. Alternatively, the list of Parties In Interest who may have access to the agreement can be expanded to the 20 largest unsecured creditors.

12. The Debtor asserts that the ". . . *form of and terms contained* in the Tenaska Agreement have been developed *through significant investment of time and capital* . . .", and as a result, should not be made available to the creditors." (Emphasis added). The fact that time was spent in negotiating the terms of a tolling agreement is not, in and of itself, a sufficient basis to hide all the terms and conditions of the agreement from the creditors in this Bankruptcy.

13. The Debtor asserts that making the Tenaska Agreement available to creditors would place Tenaska and perhaps the Debtor at a business disadvantage. To the contrary, it is imperative that the terms and conditions of a tolling and management agreement, which ties up the Debtor's assets for 3½ years, be fully investigated by all creditors to determine if there is not a better agreement that can be proposed at lesser expense and with more flexibility for the Debtor to operate within the open market.

14. Other creditors and parties in interest should have the opportunity to negotiate an alternative tolling agreement with the Debtor.

15. Based upon the numbers recited in the Debtor's Motion, Heiskell believes that it can offer a tolling agreement at a significant savings to the Bankruptcy Estate.

## III. PRAYER

WHEREFORE, Heiskell respectfully requests that the Court deny the Debtor's Motion to File the Asset Management Agreement with Tenaska BioFuels, LLC, Under Seal, and grant Heiskell such other and further relief as is just and proper

Dated: May 17, 2011.

    Respectfully submitted,

    COURTNEY, COUNTISS, BRIAN & BAILEY, L.L.P.
    1700 Chase Tower (zip — 79101)
    P. O. Box 9238
    Amarillo, Texas 79105-9238
    (806) 372-5569; (806) 372-9761 (fax)

    */s/ Kenneth E. Weston*
    KENNETH E. WESTON
    Texas Bar No. 21232250
    DUSTY J. STOCKARD
    Texas Bar No. 24028014
    **Attorneys for J. D. Heiskell Holdings, L.L.C.**
    **d/b/a J. D. Heiskell & Company**

## CERTIFICATE OF SERVICE

I certify that on May 17, 2011, a true and correct copy of the foregoing was served by the Electronic Case Filing system for the United States Bankruptcy Court for the Northern District of Texas on those parties that have consented to such service and by United States first class mail, postage prepaid, as indicated, on the parties listed below.

    */s/ Kenneth E. Weston*

| | |
|---|---|
| Levelland Hockley County Ethanol, LLC<br>Attn: James P. Halbert<br>103 S. FM 2646, PO Box 26<br>Levelland, TX 79336-0026 | Richard Levy<br>Block & Garden, LLP<br>5949 Sherry Lane, Suite 900<br>Dallas, TX 75225 |
| Nancy S. Resnick, Esq.<br>Office of the U.S. Trustee<br>1100 Commerce St., Room 976<br>Dallas, TX 75242-1699 | |

G:\Data\WP\2011\1100011\Obj Motion to Seal.wpd

Objection to the Motion of the Debtor to File Asset Management Agreement with Tenaska BioFuels, LLC, Under Seal Pursuant to 11 U.S.C. §107(b) and Bankruptcy Rule 9018 - Page 4