

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed June 01, 2011**

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **IN RE** | § | |
| | § | |
| **LEVELLAND/HOCKLEY COUNTY ETHANOL, L.L.C** | § | **CASE NO. 11-50162-RLJ-11** |
| | § | |
| | § | |
| **DEBTOR** | § | **CHAPTER 11** |
| | § | |

**AGREED FIRST INTERIM ORDER ON USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

CAME ON FOR HEARING on April 28, 2011, the Motion of the Debtor for Interim and Final Authority To Use Cash Collateral Pursuant To 11 U.S.C. §363 and To Grant Adequate Protection Pursuant To 11 U.S.C. §361 ("Motion") (Dkt. No. 4). The Court having heard the Motion as part of the first day motions related to this chapter 11 case makes the following findings of fact and conclusions of law based upon the representations of the Debtor, Levelland/Hockley County Ethanol, LLC ("Levelland" or

"Debtor") and pursuant to the consent of GE Business Financial Services, Inc.[1] ("Senior Agent"), as administrative agent for the senior lenders, and Farmers Energy Levelland, LLC ("FEL"), the subordinated lender.

      A.    The Debtor has requested the immediate use of Cash Collateral (as defined below) on an interim basis in order to permit, among other things, the preservation of the Debtor's business and assets and the orderly administration of its estate. Without such funds, the Debtor asserts that it would be unable to pay its necessary expenses including, but not limited to, payroll, post-petition vendors, utilities, etc. The Debtor asserts that its ability to obtain liquidity through the use of the Cash Collateral is vital to the Debtor's efforts to maximize the value of its assets. Absent entry of this order ("Interim Order"), the Debtor asserts that its estate will be immediately and irreparably harmed.

      B.    The Debtor acknowledges that all of its cash in its bank accounts on April 27, 2011 (the "Petition Date") and or that may be acquired by the Debtor thereafter constitutes cash collateral (the "Cash Collateral") within the meaning of 11 U.S.C. §363(a) of the Bankruptcy Code in which the Senior Agent and FEL have secured interests.

      C.    The Debtor has prepared a five (5) week post-petition operating budget (the "Interim Budget") which is referenced in the Motion and set forth as Exhibit "A" in the Supplement to the Motion (Dkt. No. 9). The Interim Budget sets forth the expected receipts and uses of Cash Collateral in the Debtor's operations for such five (5) week period.

---

[1] The Senior Agent serves as administrative agent for itself and the other lenders (the "Senior Lenders") under that certain Construction and Term Loan Agreement dated as of September 27, 2006 (as hereafter modified or amended, the "Senior Loan Agreement").

D. The Debtor has informed the Court that FEL has consented to the Debtor's use of Cash Collateral under the Interim Budget.

E. The Senior Agent appeared through counsel at the hearing on the Motion. The Senior Agent has consented, subject to the terms hereof, to the limited authority of the Debtor to use Cash Collateral for the period from the Petition Date through and including May 17, 2011, including the payment of payroll accrued through that period but payable on or about May 19, 2011 (the "Interim Period").

F. The Court has set a hearing for May 17, 2011 at 1:30 o'clock p.m. in the Lubbock Courtroom of the Honorable Robert L. Jones, Bankruptcy Judge, U.S. Courthouse, 1205 Texas Street, Third Floor, Lubbock, Texas.

G. The Senior Agent's consent and the use of Cash Collateral by the Debtor is strictly conditioned on the following terms, to which the Debtor and the Senior Agent have agreed and which the Court approved at the hearing:

1. Authorization. The Debtor is immediately authorized to use the Cash Collateral during the Interim Period, to pay those costs and expenses contained in the Interim Budget and such authority shall be confined solely to those costs set forth in the Interim Budget or as otherwise subsequently approved in writing by the Senior Agent. Any positive variance in total weekly expenditures greater than seven percent (7%) will require written permission of the Senior Agent which may be given by counsel for the Senior Agent and transmitted by e-mail. The expenditures authorized in the Interim Budget shall be made only on a line-by-line basis, as provided for herein, but may carry forward to successive weeks during the Interim Period (i.e., any

unused amounts in a line item in a given week may carry over to that line item to a subsequent week or weeks); provided, however, that the Debtor shall not make any expenditures during the Interim Period with respect to the line item "Start-up Items."

2. Adequate Protection. As of the Petition Date, the Senior Agent, for the ratable benefit of the Senior Lenders, shall receive adequate protection for any diminution in value resulting from the post-petition use of Cash Collateral by the Debtor in the form of an Adequate Protection Lien (defined below*)* and if necessary due to the failure of the Adequate Protection Lien to fully adequately protect the Senior Agent's interest in Cash Collateral used by the Debtor, a Super Priority Claim (defined below).

3. Adequate Protection Liens. Pursuant to 11 U.S.C. §§361 and 363(e), the Senior Agent, for and on behalf of the Senior Lenders, is hereby granted a continuing, valid, binding, enforceable, and automatically and properly perfected security interest in and lien on (collectively, the "Adequate Protection Lien") all of the Debtor's property and assets, any and all hereafter acquired property and assets of the Debtor, together with any products and proceeds thereof (collectively, the "Collateral"); provided, however, the Collateral shall not include any causes of action under chapter 5 of the Bankruptcy Code (all such actions, the "Avoidance Actions") or the proceeds of Avoidance Actions. The Adequate Protection Lien shall be on equal priority to the Senior Agent's existing liens and security interests.

4. Super-Priority Claim. The Senior Agent, solely to the extent necessary to provide for a failure of adequate protection from the Adequate Protection Lien for the use of Cash Collateral during the Interim Period, shall be allowed a super-priority administrative expense claim (the "Super Priority Claim") pursuant to 11 U.S.C. § 363(e) and 507(b), which shall have priority in this chapter 11 case under 11 U.S.C. §503(b) and otherwise over all administrative expense claims and unsecured claims against the Debtor and its estate.

H. Pursuant to Fed. R. Bankr. P. 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

I. The receipt by the Senior Agent of the Adequate Protection Lien and Super Priority Claim shall not be deemed as an admission that the interests of the Senior Agent and the Senior Lenders are indeed adequately protected.

J. This Interim Order shall not prejudice or limit the rights of the Senior Agent, the Senior Lenders or other parties in interest (i) to seek additional relief with respect to the use of Cash Collateral or for adequate protection or (ii) challenge the prepetition claims, security interests and liens of the Senior Lenders, nor shall it be with prejudice to terms of subsequent or final orders regarding cash collateral with respect to "Carve Out(s)" from Adequate Protection Liens or Super-Priority Claims as may be agreed to or ordered by the Court for such matters as professional fees and expenses of the Debtor or any official committee, if any.

# # # END OF ORDER # # #

***AGREED:***

**BLOCK & GARDEN, LLP**

/s/ I. Richard Levy
I. Richard Levy
State Bar No. 12260520
5949 Sherry Ln., Suite 900
Dallas, Texas 75225
Tel: (214) 866-0990
Fax: (214) 866-0991
*levy@bgvllp.com*

**COUNSEL FOR THE DEBTORS IN POSSESSION**

**VINSON & ELKINS, LLP**

/s/ Paul E. Heath
Paul E. Heath
State Bar No. 09355050
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel 214.220.7976
Fax 214.999.7976
*pheath@velaw.com*

**COUNSEL FOR GE BUSINESS FINANCIAL SERVICES, INC.**

**HAYNES & BOONE, LLP**

/s/ Stephen M. Pezanosky
Stephen M. Pezanosky
State Bar No. 15881850
Mark Elmore
Texas Bar No. 24036523
201 Main Street
Suite 2200
Fort Worth, TX 76102
Tel 817.347.6601
Fax 817.348.2370
stephen.pezanosky@haynesboone.com

**PROPOSED COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**