

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

Signed June 01, 2011

---

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| LEVELLAND/HOCKLEY COUNTY ETHANOL, L.L.C | § § § | CASE NO. 11-50162-RLJ-11 |
| | § | |
| DEBTOR | § § | CHAPTER 11 |

## AGREED SECOND INTERIM ORDER ON USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

CAME ON FOR HEARING on May 17, 2011, the continued hearing on the Motion of the Debtor for Interim and Final Authority To Use Cash Collateral Pursuant To 11 U.S.C. §363 and To Grant Adequate Protection Pursuant To 11 U.S.C. §361 ("Motion") (Dkt. No. 4). The Court being informed that the Debtor, Levelland/Hockley County Ethanol, LLC ("Levelland" or "Debtor"), has obtained the consent of

GE Business Financial Services, Inc.[1] ("Senior Agent"), as administrative agent for the senior lenders, for continued use of cash collateral as set forth herein, and that the Official Committee of Unsecured Creditors (the "Committee") has reviewed and commented on such terms, and that Farmers Energy Levelland, LLC ("FEL"), the subordinated lender has not objected to the Debtor's use of cash collateral nor any other matter as set forth herein. The Court therefore finds and concludes and orders as follows.

      A.    The Debtor has requested the immediate use of Cash Collateral (as defined below) on an interim basis in order to permit, among other things, the preservation of the Debtor's business and assets and the orderly administration of its estate. Without such funds, the Debtor asserts that it would be unable to pay its necessary expenses including, but not limited to, payroll, post-petition vendors, utilities, etc. The Debtor asserts that its ability to obtain liquidity through the use of the Cash Collateral is vital to the Debtor's efforts to maximize the value of its assets. Absent entry of this order ("Second Interim Order"), the Debtor asserts that its estate will be immediately and irreparably harmed.

      B.    The Debtor acknowledges that all of its cash in its bank accounts on April 27, 2011 (the "Petition Date") and or that may be acquired by the Debtor thereafter constitutes Cash Collateral (the "Cash Collateral") within the meaning of 11 U.S.C. §363(a) of the Bankruptcy Code in which the Senior Agent and FEL have secured interests.

---

[1] The Senior Agent serves as administrative agent for itself and the other lenders (the "Senior Lenders") under that certain Construction and Term Loan Agreement dated as of September 27, 2006 (as hereafter modified or amended, the "Senior Loan Agreement").

C.     The Debtor has prepared a revised post-petition operating budget (the "Second Interim Budget") which is attached hereto as Exhibit "A".  The Second Interim Budget sets forth the expected receipts and uses of Cash Collateral in the Debtor's operations for the period of time through and including June 4, 2011.

D.     The Senior Agent appeared through counsel at the hearing on the Motion.  The Senior Agent has consented, subject to the terms hereof, to the limited authority of the Debtor to use Cash Collateral for the period from May 17, 2011 through and including June 4, 2011 (the "Second Interim Period").

E.     The Senior Agent's consent and the use of Cash Collateral by the Debtor is strictly conditioned on the following terms, to which the Debtor and the Senior Agent have agreed and which the Court approved at the hearing:

1. Authorization.  The Debtor is immediately authorized to use the Cash Collateral during the Second Interim Period to pay those costs and expenses contained in the Second Interim Budget and such authority shall be confined solely to those costs set forth in the Second Interim Budget or as otherwise subsequently approved in writing by the Senior Agent.  Any positive variance in total weekly expenditures greater than seven percent (7%) will require written permission of the Senior Agent which may be given by counsel for the Senior Agent and transmitted by email.  The expenditures authorized in the Second Interim Budget shall be made only on a line-by-line basis, as provided for herein, but may carry forward to successive weeks during the Second Interim Period (i.e., any unused amounts in a line item in a given week may carry over to that line item to a subsequent week or weeks);

provided, however, that the Debtor shall not make any expenditures during the Second Interim Period with respect to the line item "Start-up Items."

2. Adequate Protection. As of the Petition Date, the Senior Agent, for the ratable benefit of the Senior Lenders, shall receive adequate protection for any diminution in value resulting from the post-petition use of Cash Collateral by the Debtor in the form of an Adequate Protection Lien (defined below) and if necessary due to the failure of the Adequate Protection Lien to fully adequately protect the Senior Agent's interest in Cash Collateral used by the Debtor, a Super Priority Claim (defined below).

3. Adequate Protection Liens. Pursuant to 11 U.S.C. §§361 and 363(e), the Senior Agent, for and on behalf of the Senior Lenders, is hereby granted a continuing, valid, binding, enforceable, and automatically and properly perfected security interest in and lien on (collectively, the "Adequate Protection Lien") all of the Debtor's property and assets, any and all hereafter acquired property and assets of the Debtor, together with any products and proceeds thereof (collectively, the "Collateral"); provided, however, the Collateral shall not include any causes of action under chapter 5 of the Bankruptcy Code (all such actions, the "Avoidance Actions") or the proceeds of Avoidance Actions. The Adequate Protection Lien shall be on equal priority to the Senior Agent's existing liens and security interests.

4. Super-Priority Claim. The Senior Agent, solely to the extent necessary to provide for a failure of adequate protection from the Adequate Protection Lien for the use of Cash Collateral during the Second Interim Period, shall be

**AGREED SECOND INTERIM ORDER ON USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION**  PAGE 4 OF 6

allowed a super-priority administrative expense claim (the "Super Priority Claim") pursuant to 11 U.S.C. §363(e) and 507(b), which shall have priority in this chapter 11 case under 11 U.S.C. §503(b) and otherwise over all administrative expense claims and unsecured claims against the Debtor and its estate.

F. Pursuant to Fed. R. Bankr. P. 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

G. The receipt by the Senior Agent of the Adequate Protection Lien and Super Priority Claim shall not be deemed as an admission that the interests of the Senior Agent and the Senior Lenders are indeed adequately protected.

H. This Second Interim Order shall not prejudice or limit the rights of the Senior Agent, the Senior Lenders or other parties in interest (i) to seek additional relief with respect to the use of Cash Collateral or for adequate protection or (ii) challenge the prepetition claims, security interests and liens of the Senior Lenders, nor shall it be with prejudice to terms of subsequent or final orders regarding Cash Collateral with respect to "Carve Out(s)" from Adequate Protection Liens or Super Priority Claims as may be agreed to or ordered by the Court for such matters as professional fees and expenses of the Debtor or the Committee.

### END OF ORDER ###

*AGREED:*

**BLOCK & GARDEN, LLP**

    */s/ I. Richard Levy*
I. Richard Levy
State Bar No. 12260520
5949 Sherry Ln., Suite 900
Dallas, Texas 75225
Tel: (214) 866-0990
Fax: (214) 866-0991
*levy@bgvllp.com*

COUNSEL FOR THE DEBTORS IN POSSESSION

**VINSON & ELKINS, LLP**

    */s/ Paul E. Heath*
Paul E. Heath
State Bar No. 09355050
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel 214.220.7976
Fax 214.999.7976
[pheath@velaw.com](mailto:pheath@velaw.com)

COUNSEL FOR GE BUSINESS FINANCIAL SERVICES, INC.

**HAYNES & BOONE, LLP**

    */s/ Stephen M. Pezanosky*
Stephen M. Pezanosky
State Bar No. 15881850
Mark Elmore
Texas Bar No. 24036523
201 Main Street
Suite 2200
Fort Worth, TX 76102
Tel 817.347.6601
Fax 817.348.2370
[stephen.pezanosky@haynesboone.com](mailto:stephen.pezanosky@haynesboone.com)

PROPOSED COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**AGREED SECOND INTERIM ORDER ON USE OF CASH COLLATERAL**
**AND GRANTING ADEQUATE PROTECTION**    **PAGE 6 OF 6**

**Levelland Hockley County Ethanol, LLC**
Weekly Cash Flow Projection
For Week Ending on Saturday
Weekly Cash Flow Projection
(000)'s Omitted

| | 04/26/11 | | | | 06/07/11 | | | | 05/14/11 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | FRCST | Actual | Variance Carryover | Prev Wk CryOver | FRCST | Total Available | Actual | Variance Carryover | Prev Wk CryOver | FRCST | Total Available | Actual | Variance Carryover |
| **Cash Flow** | | | | | | | | | | | | | |
| Beginning Book Balance | 1,598 | 1,598 | 0 | | 0 | 0 | 1,357 | 0 | | 0 | 0 | 1,284 | 0 |
| Collections of Old Accounts Receivable | 9 | 9 | 0 | | 0 | 0 | 0 | 0 | | 0 | 0 | 1 | 0 |
| USDA 9005 Grant Program | 0 | 0 | 0 | | 0 | 0 | 0 | 0 | | 0 | 0 | 0 | 0 |
| Total Available Funds | 1,607 | 1,607 | 0 | | 0 | 0 | 1,357 | 0 | | 0 | 0 | 1,285 | 0 |
| **Less: Expenditures** | | | | | | | | | | | | | |
| **Start Up, Accrued, and Trade Debt** | | | | | | | | | | | | | |
| Startup Items | 0 | 0 | 0 | | 0 | 0 | 0 | 0 | | 0 | 0 | 0 | 0 |
| **Shut-In Baseline Expense** | | | | | | | | | | | | | |
| Office Salaries and Wages | 0 | 0 | 0 | 21 | 0 | 21 | 13 | 8 | 0 | 8 | 8 | 3 | 5 |
| Plant Salaries and Wages | 0 | 0 | 0 | 21 | 0 | 21 | 19 | 2 | 2 | 0 | 2 | 0 | 2 |
| Employee Taxes and Benefits | 0 | 0 | 0 | 8 | 0 | 8 | 1 | 7 | 7 | 0 | 7 | 0 | 7 |
| Utilities | 0 | 0 | 0 | 0 | 0 | 0 | 3 | (3) | (3) | 20 | 17 | 0 | 17 |
| Plant Rep and Maintenance | 0 | 0 | 0 | 35 | 0 | 35 | 16 | 19 | 19 | 10 | 29 | 1 | 28 |
| Facility and Equipment Leases | 0 | 0 | 0 | 6 | 0 | 6 | 3 | 3 | 3 | 44 | 47 | 1 | 46 |
| Office expense and administration | 0 | 0 | 0 | 4 | 0 | 4 | 1 | 3 | 3 | 2 | 5 | 2 | 3 |
| Insurance | 0 | 0 | 0 | 0 | 0 | 0 | 17 | (17) | (17) | 23 | 6 | 0 | 6 |
| Bankruptcy administrative costs | 0 | 0 | 0 | 7 | 0 | 7 | 0 | 7 | 7 | 0 | 7 | 0 | 7 |
| Chapter 11 Counsel IOLTA | 250 | 250 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| **Ending Cash** | 1,357 | 1,357 | 0 | | | | 1,284 | | | | | 1,278 | |

Unaudited Draft: Subject to Change          Prepared By: CRP LLC

**Levelland Hockley County Ethanol, LLC**
Weekly Cash Flow Projection
For Week Ending on Saturday
Weekly Cash Flow Projection

(000)'s Omitted

| | 05/21/11 | | | | 05/28/11 | | | | 06/04/11 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Prev Wk CryOver | Total Available | Actual | Variance Carryover | FRCST | Actual | Variance Carryover | | FRCST | Actual | Variance Carryover |
| | FRCST | | | | | | | | | | |

### Cash Flow

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Beginning Book Balance | 0 | 1,278 | 0 | 0 | 1,055 | 0 | 0 | | 1,256 | 0 | 0 |
| Collections of Old Accounts Receivable | 0 | 0 | 0 | 0 | 0 | 0 | 0 | | 0 | 0 | 0 |
| USDA 9005 Grant Program | 0 | 0 | 0 | 0 | 300 | 0 | 0 | | 0 | 0 | 0 |
| Total Avaliable Funds | | 1,278 | 0 | 0 | 1,355 | 0 | 0 | | 1,256 | 0 | 0 |

### Less: Expenditures

**Start Up, Accrued, and Trade Debt**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Startup Items | 0 | 0 | 0 | 0 | 0 | 0 | 0 | | 0 | 0 | 0 |

**Shut-In Baseline Expense**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Office Salaries and Wages | 21 | 5 | 26 | 0 | 0 | 0 | 0 | | 21 | 0 | 0 |
| Plant Salaries and Wages | 21 | 2 | 23 | 0 | 0 | 0 | 0 | | 21 | 0 | 0 |
| Employee Taxes and Benefits | 9 | 7 | 16 | 0 | 0 | 0 | 0 | | 8 | 0 | 0 |
| Utilities | 0 | 17 | 17 | 0 | 52 | 0 | 0 | | 0 | 0 | 0 |
| Plant Rep and Maintenance | 45 | 28 | 73 | 0 | 30 | 0 | 0 | | 10 | 0 | 0 |
| Facility and Equipment Leases | 0 | 46 | 46 | 0 | 0 | 0 | 0 | | 6 | 0 | 0 |
| Office expense and administration | 2 | 3 | 5 | 0 | 2 | 0 | 0 | | 2 | 0 | 0 |
| Insurance | 0 | 6 | 6 | 0 | 0 | 0 | 0 | | 0 | 0 | 0 |
| Bankruptcy administrative costs | 4 | 7 | 11 | 0 | 15 | 0 | 0 | | 7 | 0 | 0 |
| Chapter 11 Counsel IOLTA | 0 | 0 | 0 | 0 | 0 | 0 | 0 | | 0 | 0 | 0 |

**Ending Cash** | | 1,055 | 0 | | 1,256 | 0 | | | 1,181 | 0 |

Unaudited Draft: Subject to Change

Prepared By: CRP LLC